Margaret Mary J. Mangan, J.
This proceeding is brought pursuant to CPLR article 78, to review and annul the determination of the respondent, the Board of Health of the City of New York and its members, in enacting section 131.15 of the New York City Health Code on the primary ground that the respondent proceeded in excess of its jurisdiction or, in the alternative, the petitioner requests review and annulment on various grounds. Section 131.15 of the New York City Health Code requires that all owners of multiple dwellings install *971 window guards in apartments where children under 10 years of age reside and in the public halls of all such buildings. The petitioner is a landlord who would be affected by this regulation. After a study conducted by the board of health it was determined that New York City had the highest rate in the Nation of injuries and deaths to children under 10 as a result of window falls. The respondent conducted a program involving the installation of window guards and found that there was a significant reduction in these accidents as a result thereof.
As to the primary objection referred to, the court finds that the board of health was acting within its jurisdiction in enacting this regulation. The New York City Charter grants to the Health Services Administration, the parent of the respondent, the power over all matters affecting health and the preservation of life in New York City (New York City Charter, §§ 1703-1706). Section 131.15 of the Health Code is clearly designed to eliminate deaths and injuries from window falls and is within the powers to provide for the "security of life and health in the city”. (New York City Charter, § 1706.) The City of New York empowered the board of health to issue and enforce orders for the purpose of "prevention of accidents by which life or health may be endangered”. (Administrative Code, § 556-10.0.)
This power is not in conflict with any granted to another city agency.
With regard to alternative remedies requested by the petitioner, it is shown that the respondent conducted hearings pursuant to law and after proper notice (Administrative Code, § 1119-1.0).
The board of health conducted an extensive publicity campaign prior to the enactment of the regulation in addition to the public hearing.
The court finds no merit to the issues raised by the petitioner as to the onerous burden on property owners and the unequal enforcement between the public and private owner. The costs of complying with the terms of this regulation does not impose an unconstitutional burden on property owners when weighed against the public gain. In connection with petitioner’s contention that the regulation is vague, the respondent has submitted in its papers a description of the types of guards that will be found acceptable. It is reasonable for this regulation to contain a provision for approval of window *972 guards which will accommodate types of windows other than the most common. The regulation is presumed constitutional and petitioner has not rebutted that presumption. The court finds the action of the respondent is not arbitrary, capricious, or unreasonable and accordingly the application is denied and petition dismissed.