Arnold L. Fein, J.
Plaintiff landlord moves for a preliminary injunction restraining defendant from enforcing section 131.15 of the New York City Health Code on the ground that it is unconstitutional, at least as applied to plaintiff. Defendant cross-moves for an order dismissing the complaint pursuant to CPLR 3211 or alternatively for summary judgment pursuant to CPLR 3212 granting a declaratory judgment declaring the constitutionality of the section.
Section 131.15 requires the installation of window guards in apartments where children under the age of 10 reside, and in the hallway windows of such buildings. The installations are required in order to prevent children of tender years from falling out of the windows. The section sets forth a detailed procedure to be used by the landlord to determine which apartments require gates, and a three-phase plan of implementation. The plaintiff is in the first phase. Section 131.17 of the Health Code provides a mechanism whereby those who find difficulty in complying with the provision of section 131.15 may seek a modification of its requirements from the Commissioner of Health. Section 5.21 of the Health Code provides for further appeal to the Board of Health. Plaintiff has not sought relief under either of these administrative remedies.
Plaintiff challenges constitutionality upon the grounds that: (1) compliance would be a confiscatory financial burden; and (2) there is no rational relationship between the installation of window guards and the prevention of window falls. Plaintiff also alleges that the section violates the rent control provisions of chapters 371 and 1012 of the Laws of 1971, which prohibit a municipality from adopting any regulation affecting rent control housing more stringent than those in effect prior to June 30, 1971, without first obtaining the approval of the State Division of Housing.
In seeking a preliminary injunction, the movant must persuade the court that it has a clear legal right to the relief sought upon undisputed facts and that it will suffer irreparable injury should the application be denied (Albini v Solork Assoc., 37 AD2d 835; De Candido v Young Stars, 10 AD2d 922). The burden of persuasion is even heavier when what is sought is a determination that a law, ordinance or regulation is unconstitutional (Matter of Van Berkel v Power, 16 NY2d *58 37, 40). It is well settled that the loss by a party of monetary benefits does not, in and of itself, constitute irreparable injury, warranting a temporary injunction (DeLury v City of New York, 48 AD2d 595).
The essence of plaintiff’s complaint is that it cannot afford the cost of making the requisite installations. Economic injury is the only damage alleged. This is not a ground for an injunction.
On this basis alone, plaintiff has not made a sufficient showing to obtain a temporary injunction. Plaintiff has not demonstrated that it has a clear legal right to the relief sought.
Plaintiff contends that the code provision is irrational on its face and is based upon an arbitrary and limited study and investigation, and is accordingly unconstitutional. The papers submitted reveal that section 131.15 was adopted in part upon the results of a Department of Health program and study entitled, "Children Can’t Fly”. The findings were that the installation of window guards prevented injuries from falls. Public hearings were held in compliance with law, in connection with the adoption of the code provision. (See Matter of Sorbonne Apts. Co. v Board of Health, 88 Misc 2d 970, sustaining the section’s validity.) Other views were presented and considered. On the basis of the data presented, it is clear that the defendant’s findings had a rational basis in the evidence. Moreover, even without the need for a study, it must be concluded that adequately installed window guards will tend to prevent children from falling out of windows. Plaintiff’s attempt to raise a factual issue on this question is without basis. There is palpably a rational relationship between the requirement of window guards and the appropriate objective, within the police power, the prevention of children from falling from windows. This is all that is required to sustain constitutionality. (Defiance Milk Prods. v DuMond, 309 NY 537, 540; Grossman v Baumgartner, 17 NY2d 345, 349-350.)
Equally without merit is plaintiff’s allegation that the section is unconstitutional as applied to it because of economic hardship. A showing of economic hardship does not render a statute unconstitutional (Turner Nurses Agency v State of New York, 17 Misc 2d 273). There are costs imposed by the requirement to maintain heat in a building, as there are with many other requirements involving the maintenance and operation of residential buildings, imposed for public well- *59 being. That a statute or regulation results in reduced income, imposes additional costs or other pecuniary injury, or even makes it impossible for some to continue in business, does not establish unconstitutionality, where exercise of the police power is involved (Breard v Alexandria, 341 US 622, 632-633; Bowles v Willingham, 321 US 503, 517).
Plaintiff also seeks judgment declaring the invalidity of section 131.15 because it is in effect a rent control regulation which requires the approval of the State Legislature or the Commissioner of the State Department of Housing, necessary when rent control accommodations are subjected to more stringent requirements than those in effect prior to June 30, 1971. (L 1971, chs 371, 1012 as amd). These provisions apply only to rent control regulations (Matter of 241 East 22nd St. Corp. v City Rent Agency, 33 NY2d 134). They were not intended to restrict a municipality in adopting public safety legislation or regulations for purposes other than rent regulation even though more stringent than those in effect prior to 1971, and even though they may affect rent controlled housing.
Plaintiff has not only failed to establish any right to a temporary injunction, but it has also failed in any way to show that the challenged Health Code provisions are unconstitutional. On the contrary, it must be found that code provisions are valid and constitutional.
Accordingly, plaintiff’s motion is denied and the cross motion is granted to the extent of directing judgment declaring sections 131.15 and 131.17 of the Health Code in all respects constitutional and valid.