■ DONATO IAN, Appellant-Respondent, v KARIN WASSBERG et al., Respondents-Appellants, et al., Defendants. — Judgment of the Supreme Court, New York County, entered July 15, 1980, modified, on the law and the facts to the extent of declaring that on May 15, 1979, the date of presentation of the plan of conversion to co-operative ownership, plaintiff was the tenant in occupancy of Apartment 11A in premises 257 Central Park West, New York City, and was exclusively entitled to purchase the shares allocated to that apartment, and, except, as so modified, affirmed, without costs. The lease entered into by the landlord with defendant Wassberg was bottomed upon the assumption that she was the designee of the Swedish Consulate General, which theretofore had leased the apartment. Such, however, was not the case. When the Consulate General's employee, Martin Hallquist, was transferred to Finland, the Consulate General made clear by letter that the "Royal Swedish Consulate General has no further interest in and has terminated any lease or interest it may have had in apartment 11A, 257 Central Park, [sic] New York City as of April 1, 1979. All that we want is a return of our escrow deposit". Moreover, he was emphatic to note that no designee has been appointed by the Consulate General for occupancy of the apartment and that the Swedish Government was no longer responsible for the rental. Accordingly, the lease of the apartment to plaintiff, made March 19, 1979, for a two-year term commencing May 1, 1979 was a valid one. By transferring this estate to plaintiff, the landlord divested itself of all power to convey all or part of the same estate to another. Hence, the lease made with Wassberg on April 3, 1979 purporting to let the premises to her for a two-year term commencing July 1, 1979, could not oust plaintiff of his right to immediate possession commencing May 1, 1979. Wassberg's entry into possession of the apartment prior to May 1, 1979, added nothing to her rights. In these circumstances, plaintiff was, within the meaning of the Rent Stabilization Law (Code of the Real Estate Industry Stabilization Association of New York City, Inc., § 61, subd 4, par [b]), the tenant in possession of Apartment 11A on May 15, 1979, the date of presentation of the plan of conversion to co-operative ownership and was exclusively entitled to purchase the shares of stock allocated to that apartment. Concur — Kupferman, J. P., Birns, Sullivan, Silverman and Bloom, JJ.

■ In the Matter of EUGENE L. SUGARMAN, for Reinstatement. — Motion to be reinstated as an attorney and counselor at law in the State of New York, denied. Concur — Kupferman, J. P., Sandler, Sullivan, Lupiano and Silverman, JJ.