■ RICHARD E. STUTT et al., Respondents, et al., Plaintiff, v UNIQUE RESTORATIONS Co. et al., Appellants. — In an action for a declaratory judgment with respect to plaintiffs' rights to purchase certain shares in a co-operative apartment corporation, defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Fuchs, J.), dated July 14, 1982, as denied so much of their motion which sought summary judgment as against plaintiffs Richard Eric Stutt and Robert H. Rosenberg. Order affirmed insofar as appealed from, with costs. This action arises out of the conversion to co-operative ownership of a rent-stabilized building located at 60 West 68th Street, New York, New York. Plaintiffs are subtenants of apartments in the subject premises and seek a judgment declaring them to be the prime tenants to enable them to take advantage of a plan to convert the premises to co-operative ownership. Defendants are the prime tenants, the landlord-sponsor, and the owner. Defendant Samuel G. Cooper has been the tenant of record in apartment 13 of the subject premises since March 1, 1977. The lease was renewed on November 11, 1979 and ran until February 28, 1983. On May 16, 1977, Cooper sublet his apartment to plaintiff Robert Rosenberg for the period May 16, 1977 to November 30, 1978. Rosenberg continued to occupy said apartment, after the expiration of the sublease, until June 1, 1981. On April 23, 1979 defendant Uretsky sublet his apartment to plaintiff Richard Eric Stutt for the period May 1, 1979 to April 30, 1980. The

offering plan to convert the subject premises to co-operative ownership was accepted for filing by the Attorney-General on or about January 12, 1981. Plaintiffs demanded that they be provided with a copy of the offering plan, but defendant sponsor refused, claiming that as subtenants who had failed to obtain approval of the tenants of record they were not eligible to purchase the shares allocated to their respective apartments. After failing to obtain a preliminary injunction, *inter alia,* restraining defendants from selling shares in the subject premises, plaintiffs vacated the sublet apartments. Defendants Uretsky and Cooper subsequently purchased the stock allocated to those apartments. In their complaint in the instant action, plaintiffs allege that a personal relationship existed between the primary tenants and the principals of the sponsor, who together fraudulently conspired to create illusory tenancies and thereby deprive plaintiffs of the opportunity to purchase the shares allotted to their respective apartments. Defendants moved for summary judgment on the ground that both statutory· and case law excludes subtenants in occupancy from the right to purchase without the consent of the prime tenant. Special Term denied defendants' motion for summary judgment. In the usual situation, as between a subtenant in occupancy and the tenant of record of that apartment, it is the latter who has the exclusive right to purchase the shares allocated to the subject apartment (see Code of Real Estate Industry Stabilization Association of New York City, Inc. [hereinafter Code], § 61, subd 4, par [a], cl [v]; subd 5; *Thuna v Di Sanza,* 102 Misc 2d 342, affd 78 AD2d 517; *Ian v Wassberg,* 79 AD2d 919). However, in the case of *Yellon v Reiner-Kaiser Assoc.* (89 AD2d 561), we recently held that in situations where we are confronted with an "illusory" tenancy, a subtenant will be "accorded the full rights of tenants under the Rent Stabilization Law and Code, including the right to purchase one's apartment" (p 563). In that case, the prime tenant was a rental agent for the owner of the subject apartment building. He never lived in the apartment which he sublet to the plaintiff nor had he ever paid any rent or ˙security on said apartment. Plaintiff sublessee paid his rent and security to the defendant owner. In granting summary judgment to the plaintiff subtenant we noted that there was no real dispute but that the circumstances of the lease agreement constituted an "illusory" tenancy. While we recognize that the instant matter does not present as compelling a factual situation as existed in *Yellon v Reiner-Kaiser Assoc. (supra),* there are questions of fact entirely within defendants' knowledge which remain to be resolved and which would have an impact upon the ultimate resolution of whether an "illusory" tenancy exists. Concededly, the subtenants paid the same rent as the prime tenants. They paid said rent to the prime tenants who in turn paid it to the landlord. It appears from the record that the prime tenants never resided in the subject apartments. The nature of the relationship between the prime tenants and the principals of the sponsor also is unclear. On the basis of the foregoing we cannot conclusively state that the prime tenancy arrangements herein involved were "illusory". However, there remains a strong possibility that the prime tenants at bar rented the apartments to influence the vote in the event of a co-operative conversion, which would constitute an evasion of subdivision A of section 62 of the Code. Lazer, Gibbons and O'Connor, JJ., concur.

Titone, J. P., and Weinstein, J., dissent and vote to reverse the order insofar as appealed from and to grant so much of defendants' motion for summary judgment as sought dismissal of the complaint insofar as asserted by plaintiffs Stutt and Rosenberg, with the following memorandum: In our view, the instant situation does not present cause to depart from the general rule that as between a tenant in occupancy and the tenant of record of that apartment, it is the latter who has exclusive right to purchase the shares allocated to the subject apartment (see Code of Real Estate Industry Stabilization Association

of New York City, Inc., § 61, subd 4, par [a], cl [v]; subd 5; *Thuna v Di Sanza,* 102 Misc 2d 342, affd 78 AD2d 517; *Ian v Wassberg,* 79 AD2d 919). A contrary result is not compelled by our decision in *Yellon v Reiner-Kaiser Assoc.* (89 AD2d 561, 563), wherein we held that in situations involving an "illusory" tenancy, a subtenant will be "accorded the full rights of tenants under the Rent Stabilization Law and Code, including the right to purchase one's apartment". Examination of the facts at bar reveal substantial factual dissimilarities between this and *Yellon v Reiner-Kaiser Assoc. (supra).* In the latter case, proof of a scheme between the owner and the prime tenant was overwhelming. All negotiations and payments were between the subtenant and the owner of the subject building. The prime tenant apparently rented the subject apartment in order to influence the vote and secure the right to purchase the apartment in the event of a co-operative conversion, thereby evading the code in violation of subdivision A of section 62 thereof. At bar, on the contrary, there is no basis in the record from which to infer the existence of a similar fraudulent scheme. The only proof supporting plaintiffs' theory of fraud is that an "acquaintanceship" existed between the prime tenants and the principals of the sponsor. Such proof is at best equivocal. Accordingly, Special Term erred in not granting summary judgment in defendants' favor.