OPINION OF THE COURT
Herbert Kramer, J.
facts
Subsequent to the issuance of a letter of approval by the Attorney-General to a noneviction cooperative conversion plan, an offering was made to the plaintiff’s testatrix pursuant to section 352-eeee (subd 1, par [b]) of the General Business Law.
The tenant in occupancy during the lease term died prior to the formal execution of the purchase agreement but after acceptance for filing of the plan by the Attorney-General. The plaintiff executor took all necessary steps to effectuate the purchase. The sponsor refused to complete the transfer based upon its view that the right to an insider price lapsed upon the death of the named tenant. The Attorney-General advised that the executor should be entitled to purchase.
A proceeding was brought in Civil Court to evict the executor as a squatter. The instant proceeding was instituted for (1) a declaratory judgment, declaring the estate’s right to purchase the shares, and (2) an injunction staying the Civil Court proceeding.
*340 DISCUSSION
Article 23-A of the General Business Law prevents co-op conversion absent a minimum number of tenant participants. Thus, sponsors have offered co-ops at discounted prices to tenants as a mechanism of inducing the requisite minimum number of tenant participants.
The sponsor, drafter of the agreement, may condition his offer at an “insider price” in any manner he chooses, subject to the applicable statute and approval of the Attorney-General, the agency charged under that statute with its administration (Carlisle v Bennett, 268 NY 212).
This failure to include a clause specifically covering the event in question must be construed against the sponsor, whether caused by statute, statutory interpretation, administrative regulation or specific contractual omission. The Attorney-General’s view should be given great weight as he is the administrator of this statute (Servomation Corp. v State Tax Comm., 51 NY2d 608; Bunim v 300 CPW Apts. Corp., NYLJ, June 30, 1982, p 6, col 3).
It should be noted that lease provisions which purport to waive tenant’s rights under this article are void as against public policy (General Business Law, § 352-eeee, subd 6).
In accordance with public policy, the rights of a tenant should be protected as of the date of acceptance for filing of the plan with the Attorney-General. (See discussion and opns cited in Goldsmith, Real Estate Financing, McKinney’s Cons Laws of NY, Book 19, General Business Law, p 49.)
This court holds that the plaintiff is entitled to a declaratory judgment declaring his right to purchase the shares in question on behalf of the tenant’s estate, both on public policy grounds and general construction principles.
This court further stays the Civil Court eviction proceeding, which, in any event, is improper since a squatter proceeding will not lie against one who enters under color of title (Kassover v Gordon Family Assoc., 120 Misc 2d 196).