OPINION OF THE COURT
Renee R. Roth, S.
In this proceeding, the executor of the estate of a deceased “tenant in occupancy” petitions the court to compel the sponsor of an offering plan to accept and complete a subscription agreement signed by the executor on behalf of the deceased tenant’s estate.
The facts, which are not disputed, are as follows:
On June 14,1983, the sponsor, Coronet Properties Company, filed, and the Attorney-General accepted, a plan for the conversion of 710 West End Avenue to cooperative status.
On that date, Herman L. Wasserman (the decedent) was alive and a rent-controlled tenant in occupancy of apartment 6B in the premises.
Thereafter, while Mr. Wasserman was still living, the sponsor filed an amendment to the plan converting it from an eviction to a noneviction plan.
The amended plan provided, inter alia: “Each tenant in occupancy of an apartment in the building as of the presentation date of the plan will have an exclusive right for a period of 30 days from the date of the presentation of this amendment to purchase the shares allocated to his or her apartment for the total cash payment of $109 per share” (emphasis added).
*78 On March 25,1984, before the expiration of the 30-day period specified in the amended plan, Herman L. Wasserman died.
On April 17,1984, his will was admitted to probate and letters issued to the petitioner in this proceeding.
On this same date, which was within the 30-day period, the executor on behalf of the estate duly delivered to the selling agent a properly executed subscription agreement.
At the same time, the executor delivered as an alternative a properly executed subscription agreement by Judy Rey Robles (decedent’s daughter) electing to purchase the shares as a successor tenant in possession and sole beneficiary under the will of her father. Since this alternative petition raises an issue of fact as to whether Mrs. Robles was “a tenant in occupancy” as of the presentation date of the plan, this alternative application will be disregarded.
For the purpose of this decision, the petitioner will be considered to be solely the executor of the estate of the deceased tenant in occupancy.
The petition of the executor and the alternative petition of Mrs. Robles were both rejected by the sponsor.
As stated in the affidavit of Stevan Zaiman, manager of Coronet Properties Company, the reason for the rejections was:
“It would appear that since neither Mrs. Robles and petitioner were living in the apartment at the time the plan was offered, and each maintained a primary residence elsewhere, they cannot be considered tenants in occupancy of the apartment at the time the plan was offered, the date admitted to be crucial by petitioner * * *
“Neither were legal occupants of the apartment. Petitioner never resided there at all. Mrs. Robles only began to live there during the illness of her father.
“Neither were tenants in occupancy on June 14,1983, the date the right to purchase the apartment vested.
“As acknowledged by petitioner, this date by which purchase must be made was extended to April 17, 1984. However, the crucial date which gave rise to the right to purchase was June 14, 1983, the date the plan was presented.”
In its memorandum in opposition to the petition, the attorneys for the sponsor repeat the same contention: “It is undisputed that a tenant may be an estate or corporation * * * However, as admitted by petitioner, the right to purchase the apartment in issue belonged to the tenant in occupancy on the date the plan *79 was offered (June 14, 1983). Mr. Wasserman alone and not the petitioner or his daughter, was the only tenant in occupancy on that date.”
The respondent sponsor correctly concedes that an estate or corporation, like any individual tenant, if it is a tenant in possession on the date of the offering plan, has the unquestioned right to purchase. This right is not limited to individuals. The New York City Rent and Rehabilitation Law (Administrative Code of City of New York § Y51-3.0 [m], [h]) defines a tenant to include “other person” and defines “[p]erson” to include “the legal successor or representative”. The Court of Appeals has also held that a “corporation” must be permitted to purchase (Consolidated Edison Co. v 10 W. 66th St. Corp., 61 NY2d 341).
Moreover, nothing in the offering plan or the statutory or decisional law of this State supports the sponsor’s contention that an executor may not succeed to the right to purchase an apartment concededly possessed by his decedent on the date of the offering plan.
The offering plan prepared by the sponsor gives the right to purchase the apartment to “each tenant in occupancy of an apartment in the building as of the date of the presentation of the plan”. The offering plan does not contain any qualification that such “tenant in possession” must survive until the date the plan becomes effective. Even if it was included, such a condition would probably be ineffective.
. The reason is that the controlling statute, General Business Law § 352-eeee (2) (f), with respect to both eviction and noneviction plans, requires that every sponsor offer to any “tenant in occupancy on the date the [offering statement was accepted for filing]” by the Attorney-General the apartment he or she occupies. Additionally, Walter D. Goldsmith, in his Practice Commentary (McKinney’s Consolidated Laws of NY, Book 19, General Business Law art 23-A, p 49), specifically notes that “New York City rent regulations, internal policies of the Attorney General and recently enacted sections 352-eee and 352-eeee have conferred upon ‘tenants in occupancy’ at the time of acceptance for filing of offering plans an exclusive right to purchase their apartment for a limited period.”
Other questions regarding an estate’s right to purchase a deceased tenant’s apartment within the time limited by a conversion plan were discussed in two recent decisions at Special Term (De Christoforo v Shore Ridge Assoc., 126 Misc 2d 339 [Sup Ct, Kings County]; Bunim v 300 CPW Apts. Corp., NYLJ, June 30, 1982, p 6, col 3 [Sup Ct, NY County]).
*80 It is observed that the estate of every decedent is liable for the discharge of all obligations and debts incurred by the decedent during his or her lifetime and not discharged at the time of his death.
If the decedent had any obligation to the sponsor corporation, the estate would not be able to defend such obligation on the basis that it terminated because of the death of the decedent.
The obligation to administer decedent’s estate is implicit in the duty of every personal representative. Any fiduciary who fails in his duty to enforce every valuable right or chose of action possessed by the decedent at the time of his death is subject to a surcharge for such omission. The executor, based on his investigation, has made the judgment that purchase of this apartment is an appropriate exercise of his fiduciary responsibility.
Accordingly, it is determined that petitioner, as the executor of the estate of Herman L. Wasserman, had both the right and the duty to purchase the apartment on behalf of the estate.
The decree to be submitted herein on notice shall direct the respondent sponsor, Coronet Properties Company, to accept and •complete the subscription agreement signed by the executor on behalf of the estate of the deceased tenant.