OPINION OF THE COURT
Harold Baer, Jr., J.
Plaintiffs, Jutta Freudenstein and Hannah Kaiser, individually and as executrices of their deceased mother’s estate, seek to enjoin defendants, 645 Company (the Company), 645 West End Avenue Corp. (the Corporation) and Orsid Realty Co. (Orsid), from issuing a proprietary lease or selling the shares of stock appurtenant to apartment No. 2C, 645 West End Avenue, New York, New York (the Apartment). The Corporation seeks to be discharged from the action and also seeks attorneys’ fees and costs.
Rosel Meyer, deceased mother of plaintiffs, resided in the Apartment from 1942 up to the time of her death on July 17, 1982, as a statutory rent-controlled tenant. The cooperative conversion plan became effective on July 12,1982, when it was approved for filing by the Attorney-General. The eviction plan allowed each tenant of record (rent-controlled or rent-stabilized) to purchase at the “insider price” for a period of 90 days those *636 shares of stock representing their respective apartments. Rosel Meyer died without tendering her subscription agreement. Plaintiffs, however, allege that in their representative capacity as executrices of their mother’s estate, they were allowed to and did tender such an agreement within the allotted time period, and that the Company unlawfully rejected this tender.
Movants must meet the traditional three-pronged test before a preliminary injunction may be granted. First, movants must demonstrate a likelihood of success on the merits. Plaintiffs make a claim to the apartment in their individual and representative capacity. As individuals, the claim must fail. They did not reside with their mother and cannot avail themselves of New York City Rent and Eviction Regulations § 56 (d) (blocking eviction of a deceased statutory tenant’s immediate family if they previously lived on the premises). (829 Seventh Ave. Co. v Reider, 111 AD2d 670 [1st Dept].) As representatives of the estate, plaintiffs fare far better. In a closely related area, the law is clear. Where a rent-stabilized tenant has the right to purchase the shares to his apartment but he dies without having exercised his right, that right passes to his estate. (De Christoforo v Shore Ridge Assoc., 126 Misc 2d 339 [Sup Ct, Kings County]; Bunim v 300 Cent. Park W. Apts. Corp., NYLJ, June 30,1982, p 6, col 3 [Sup Ct, NY County].)
The defendants urge that this concept should be confined to a rent-stabilized tenancy only. That there the interest in the apartment passes by virtue of an existing lease, while in a statutory or rent-controlled apartment, there is no lease and at the tenant’s death there is no interest to be passed to the estate. While it is well settled that the term and liability of a statutory tenant dies with the tenant (see, Stern v Equitable Trust Co., 208 App Div 13 [1924], affd 238 NY 267 [1924]), that concept does not resolve the issue presented by this motion, i.e., does the right to purchase, at the insider’s price, the apartment of a statutory tenant pass to his estate upon his death? Under the facts in this case, I find that such a right should pass to the estate. Even though significant issues of fact remain to be resolved at trial, plaintiffs nonetheless present a prima facie case of being denied the right to purchase the Apartment. Both the New York City Rent and Rehabilitation and Rent Stabilization Laws had their genesis in tenant protection. (See, Local Emergency Housing Rent Control Act [L 1962, ch 21, § 1] § 5; Emergency Tenant Protection Act [L1974, ch 576, § 4] § 2.) Rent-controlled tenants, then, deserve that protection at least as much as rent-stabilized tenants. (See, Matter of Wasserman, 127 Misc 2d 77 [Sup Ct, NY County 1985].)
*637 However, movants have failed to demonstrate any irreparable harm absent an injunction. As executrices, plaintiffs’ role is to gather the decedent’s assets — including purchasing the Apartment at an insider price — and distributing them to the beneficiaries of the estate. (EPTL 11-1.1 [b].) As such, absent a bequest of the Apartment to a named beneficiary — not claimed to be the case here — plaintiffs are relegated to seeking damages (i.e., the difference between market price and insider price of the Apartment) since an adequate remedy exists if plaintiffs prevail at trial. (Bryant Westchester Realty Corp. v Board of Health, 91 Misc 2d 56, 57 [Sup Ct, NY County 1977].) Accordingly, plaintiffs’ motion is denied.
As an additional matter, the corporation’s cross motion seeking discharge from further liability to either party is denied, and this court maintains jurisdiction over the Corporation in order to facilitate any future transactions should plaintiffs prevail.