■ JOANN COSTANZO, Individually and as Administratrix of the Estate of ELIJAH COSTANZO, Deceased, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—

On June 2, 1980, while visiting his grandparents' apartment, three-year-old Elijah Costanzo fell out of their eighth-floor window to his death.

The infant's mother commenced this action against the New York City Housing Authority alleging negligence in the control and maintenance of the premises. The bill of particulars specified that the defendant breached its statutory duty to provide and install window guards (see, New York City Health Code § 131.15 [a]; Administrative Code of City of New York § 17-123) and its common-law duty of reasonable care.

The defendant moved for summary judgment dismissing the complaint on the grounds that it had neither a statutory nor a common-law duty to provide guards on the windows of the apartment in question. In opposition, the plaintiff submitted, inter alia, an engineer's affidavit stating that the failure to provide the window guards was a departure from the standards and practices in the building maintenance industry in New York City and a breach of New York City Health Code § 131.15, as amended in 1986.

We find that the court properly granted the defendant's motion for summary judgment dismissing the complaint.

We note that at the time of the accident in June 1980 New York City Health Code § 131.15 imposed a duty upon a landlord to install window guards only in apartments where an infant under 10 years of age resided and a previous request for installation had been made by a tenant. Since it does not appear that either the deceased infant, nor any other infant under 10 years of age, resided in the subject apartment at the time of the accident, the relevant statutory provision was not applicable.

The plaintiff's assertion of a breach of a common-law duty of

care is similarly without merit. The plaintiff's expert's opinion was predicated upon an alleged departure from the standards and practices under New York City Health Code § 131.15 as amended in 1986. Such amended ordinance requires a landlord to forward notices to tenants regarding the availability of window guards. It also imposes an affirmative duty upon the landlord to ascertain in which apartments children reside.

However, the ordinance in effect at the time of the accident merely required the landlord to send the notices and imposed no affirmative duty to make further inquiry if a tenant did not respond. There was no requirement that the landlord ascertain whether there were children residing in the premises. Since the plaintiff's expert relied on the 1986 regulations, his opinion was based upon standards and practices which were adopted subsequent to the time of the accident. Under the circumstances, summary judgment dismissing the complaint was properly awarded to the defendant. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.