■ ALEX NOVACK, Respondent, v 50 PLAZA COMPANY et al., Appellants.—In an action, inter alia, for a judgment declaring that the plaintiff had the right to purchase the shares of stock allocated to a certain cooperative apartment, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Cohen, J.), dated July 25, 1988, which granted the plaintiff's motion for summary judgment and declared him to be the bona fide tenant of record with an exclusive right to purchase the cooperative shares allocated to the apartment at the "insider" price, and which dismissed the defendants' counterclaims.

Ordered that the order and judgment is affirmed, with costs.

On May 13, 1982, the plaintiff Alex Novack signed a two-year rent-stabilized lease for a certain cooperative apartment in Brooklyn, New York. The rental period was to commence on June 1, 1982. At the time the plaintiff entered into the lease, a plan to convert the building to cooperative ownership had been submitted to the Attorney-General for approval. The record establishes that the plaintiff did not move into the apartment but, instead, sublet it for a monthly rent which exceeded the legal rate by approximately $126. The record

further discloses that the sublessees retained possession of the apartment until May 1984.

On April 13, 1983, the "black book" or final offering plan was accepted for filing by the Attorney-General. The plan was immediately distributed to all of the tenants of the building, including the plaintiff. In January 1984, after learning that the plaintiff had sublet his apartment, the defendant 50 Plaza Company, owner of the building and sponsor of the conversion plan, commenced holdover proceedings against the plaintiff in the Civil Court of the City of New York. On July 25, 1984, while the holdover proceedings were pending, the plaintiff sought to subscribe to the cooperative shares allocated to the apartment. The defendant 50 Plaza Company, however, rejected the plaintiff's subscription agreement as well as his $1,000 down payment, alleging that the plaintiff was an illusory tenant who had not used the apartment as his primary residence.

The plaintiff then commenced the instant action seeking, *inter alia,* a declaration that he was a bona fide tenant of record and, therefore, entitled to subscribe to the cooperative shares at the "insider's" price. The Supreme Court found in favor the plaintiff and the defendants now appeal.

The Supreme Court properly granted the plaintiff's motion for summary judgment. General Business Law § 352-eeee (2) (d) (ix) provides, in pertinent part, that "tenants in occupancy on the date the attorney general accepts the plan for filing shall have the exclusive right to purchase their dwelling units or the shares allocated thereto". While the phrase "tenant in occupancy" is not defined by the statute, regulations promulgated by the Attorney-General state that "[f]or the purpose of determining who has the right to subscribe during the exclusive period, a bona fide tenant of record with an unexpired lease on the date the plan is accepted for filing shall be presumed to be a tenant in occupancy even though the tenant has sublet his or her dwelling or the dwelling unit is not the tenant's primary residence" (13 NYCRR 18.3 [m] [1] [iii] *[a] [4]).* The Attorney-General's view should be accorded great weight since he is the administrator of the statute *(see, De Christoforo v Shore Ridge Assocs.,* 126 Misc 2d 339, *affd* 116 AD2d 123).

With reference to the facts at bar, it is clear from the record that the plaintiff was a bona fide tenant of record, with an unexpired lease, on April 13, 1983, the date the final offering plan was accepted for filing. As a result, the plaintiff is

presumed to be a "tenant in occupancy", notwithstanding the fact that he had sublet his apartment and was residing elsewhere *(see, Ian v Wassberg,* 80 AD2d 505, *affd* 55 NY2d 706; *Hohenstein v Hohenstein,* 127 Misc 2d 53; *Matter of Belmont E. Co. v Abrams,* 123 Misc 2d 404). The plaintiff's right to subscribe to the cooperative shares allocated to the apartment vested on April 13, 1983, the "critical date" *(see, Wissner v 15 W. 72nd St. Assocs.,* 87 AD2d 120, *affd* 58 NY2d 645). Since his eligibility to purchase the cooperative shares was determined as of that date and since there had been no judicial or administrative finding that the plaintiff was an "illusory" tenant, an affirmance of the order and judgment is warranted. We express no opinion as to whether the plaintiff's sublessees were possessed of superior rights to subscribe to the cooperative shares since they are not parties to this action *(cf., Yellon v Reiner-Kaiser Assocs.,* 89 AD2d 561). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.