■ LORNA CUNNINGHAM, Individually and as Mother and Natural Guardian of LATOYA SEWELL and Another, Infants, Respondent, v L.P.T.G. FARRAGUT REALTY CORP. et al., Appellants. [606 NYS2d 776] —In an action, *inter alia,* to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated August 22, 1991, which granted the plaintiffs' motion for partial summary judgment on the issue of liability with respect to the first cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs commenced this action to recover damages for various injuries which they allegedly suffered as a result of the two-year-old plaintiff Latoya Sewell's fall from a window of the fourth floor apartment in which the plaintiffs resided. The defendants are the owner and managing agent of the apartment building.

The conflicting evidence submitted on the plaintiffs' motion for partial summary judgment raised triable issues of fact with regard to whether the defendants may be collaterally estopped from claiming that they complied with the relevant window-guard regulations and, if not, whether they did in fact comply with those regulations.

While a guilty plea in a criminal matter may, under appropriate circumstances, preclude a party from contesting liability in a civil action arising out of the same occurrence *(see, e.g., Bodensteiner v Vannais,* 167 AD2d 954; *Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, *affd* 77 NY2d 981; *Jordan v Britton,* 128 AD2d 315), the record before us does not set forth the specific contents of the defendants' guilty pleas. In the absence of such evidence, it cannot be determined whether the pleas were premised upon the defendants' failure to comply with the window-guard regulations prior to the accident, or whether they were based on a failure to comply with the Health Department orders directing the defendants to remedy the condition of the windows after the accident.

Assuming that the doctrine of collateral estoppel is found to be inapplicable to this case, a triable issue of fact exists with respect to whether the defendants properly installed the window-guards and stops prior to the date of the accident, inasmuch as the parties have submitted contradictory affidavits on this question. We note in this regard that the documentary evidence and inspection reports upon which the plaintiffs rely, while demonstrating that the windows did not comply with the applicable regulations after the accident date, failed to establish that the defendants neglected to properly install the requisite safety devices prior to the time of the accident. Hence, a trial on this issue is necessary.

However, we find unpersuasive the defendants' contention that a question of fact exists with regard to whether the actions of the infant plaintiff Marc Minott constituted a superseding cause of the accident. An intervening act which contributes to the happening of an accident will constitute a superseding cause only when it is so extraordinary and unforeseeable in nature or so attenuates a defendant's conduct from the injury that it would be unreasonable to impose liability upon that defendant *(see, Kush v City of Buffalo,* 59 NY2d 26; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Ordonez v Long Is. R. R. Co.,* 112 AD2d 923). In the present case, the plaintiffs allege that the defendants failed to comply with the mandates of New York City Health Code § 131.15, which requires the installation of window-guards and stops in all apartments in which children 10 years old or younger reside, in accordance with the specifications set forth in 24 RCNY 12-10 *(see, Costanzo v New York City Hous. Auth.,* 158 AD2d 576; *Ramos v 600 W. 183rd St.,* 155 AD2d 333). It is clear from the text of those provisions that the window-guard regulations were enacted to protect the lives and safety of young children by

reducing the frequency of window falls *(see generally, People v Nemadi,* 140 Misc 2d 712; *Bryant Westchester Realty Corp. v Board of Health,* 91 Misc 2d 56; *Matter of Sorbonne Apts. Co. v Board of Health,* 88 Misc 2d 970), without regard to the manner in which those falls occur. Moreover, the accident in this case is precisely the type of accident which the regulations were designed to prevent, and there is no question that it would not have occurred had the window safety devices been in compliance with the regulations on the date of the accident. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.