■ MARY J. DeGAETANO et al., Appellants, v COUNTRY CLUB DINER, INC., et al., Respondents. [639 NYS2d 719]

Ordered that the order is affirmed, with costs, for reasons stated by Justice Sangiorgio at the Supreme Court. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.

■ MARGARET DEER et al., Appellants, v TONY DiPIAZZA, Respondent. [638 NYS2d 772]

On July 27, 1991, while visiting the apartment of her babysitter, three-year-old Shakara Shamika James fell from an eighth-floor window and sustained numerous severe injuries. The child's mother subsequently commenced this action alleging negligence on the part of the defendant, the owner of the building where the child fell. The bill of particulars specified that the defendant had breached his statutory duty to provide and install window guards (see, New York City Health Code § 131.15 [a]; Administrative Code of City of NY § 17-123).

There is no merit to the appellants' contention that since discovery had not yet been completed, the Supreme Court erred by granting the defendant's motion for summary judgment dismissing the complaint. It is undisputed that no one 10 years old or younger resided in the apartment where the accident occurred. Thus, the statutory provisions that require the installation of window guards in apartments where an infant under 10 years of age resides are not applicable to this case (see, Costanzo v New York City Hous. Auth., 158 AD2d 576).

We have reviewed the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.