■ · TERRELL MOORE, an Infant, by His Mother and Natural Guardian, DOROTHEA MOORE, et al., Respondents, v JENNIFER BENDER et al., Appellants. [720 NYS2d 209] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Dye, J.), dated September 21, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On June 25, 1995, the then-four-year-old infant plaintiff sustained injuries after he fell from the second-story window of the two-family dwelling where he lived and which the defendants owned. Thereafter, the plaintiffs commenced this action alleging that the defendants were negligent in permitting a dangerous and defective condition to exist by failing to install guards on the window, despite repeated promises by the defendants that such guards would be installed. The defendants moved for summary judgment dismissing the complaint on the ground that they had neither a statutory nor a common-law duty to provide guards on the window upon which a negligence claim could be predicated.

New York City Health Code (24 RCNY) § 131.15 imposes a duty upon a landlord or owner to install window guards in multiple dwellings where an infant under 10 years of age resides. Since the two-family residence at issue is not a multiple dwelling as defined in Multiple Dwelling Law § 4 (7), the statutory provisions that require the installation of window guards are not applicable to this case (*see generally, Deer v Di-Piazza,* 225 AD2d 514; *Costanzo v New York City Hous. Auth.,* 158 AD2d 576). The plaintiffs' assertion of a breach of a common-law duty is similarly without merit (*see, Costanzo v New York City Hous. Auth., supra; Ramos v 600 W. 183rd St.,* 155 AD2d 333).

Finally, despite the plaintiffs' assertion that the defendants repeatedly promised to install window guards, absent a viola-

tion of a legal duty independent of this alleged contractual obligation, the plaintiffs cannot sustain their negligence claim (*see, Clark-Fitzpatrick v Long Is. R. R. Co.,* 70 NY2d 382). Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.