■ TYRON DUCKETTE et al., Respondents, v NEIGHBORHOOD LENOX AVENUE, LLC, et al., Appellants. [835 NYS2d 274]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated November 16, 2005, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendants were under no legal duty to install a window gate on the subject window, which provided access to a fire escape (*see* New York City Health Code [24 RCNY] § 131.15; *Rivera v Nelson Realty, LLC*, 7 NY3d 530 [2006]; *see generally Molina v Sercia*, 290 AD2d 425 [2002]; *Moore v Bender*, 280 AD2d 588 [2001]; *Deer v DiPiazza*, 225 AD2d 514 [1996]; *Costanzo v New York City Hous. Auth.*, 158 AD2d 576 [1990]; *Ramos v 600 W. 183rd St.*, 155 AD2d 333 [1989]). Absent such a duty, the defendants are not liable to the plaintiffs (*see Rivera v Nelson Realty, LLC, supra*). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur. [*See* 9 Misc 3d 1130(A), 2005 NY Slip Op 51864(U) (2005).]