■ SHORE ROAD HOLDING CORPORATION, Respondent, v. AIR MODERN, INC., Defendant and WESTINGHOUSE ELECTRIC CORPORATION, Appellant.— In an action by the purchaser of an air-condensing unit against the defendants Air Modern, Inc., and Westinghouse Electric Corporation, who are, respectively, the seller and manufacturer of said equipment, to recover damages arising out of its alleged unsuitability for plaintiff's purposes, in which the facts were pleaded in the complaint as a single cause of action, defendant Westinghouse appeals from an order of the Supreme Court, Queens County, dated September 18, 1962, which denied its motion to direct plaintiff to serve an amended complaint (a) making the plaintiff's pleading more definite and certain as to whether the gravamen of its cause of action was breach of warranty or fraud and deceit; and (b) separately stating its causes of action against each defendant (Rules Civ. Prac., rules 102, 90). Order affirmed, with $10 costs and disbursements; appellant's time to answer the complaint extended until 20 days after entry of the order hereon. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

■ JOSEPH P. SIMONE, Appellant, v. WILLIAM F. CISLER, Respondent. SUN INSURANCE OFFICE, LTD., as Assignee of JOSEPH SIMONE, Plaintiff, v. WILLIAM F. CISLER, Defendant.— In consolidated negligence actions by the plaintiff Simone to recover damages for injury to his person, and by his assignee, Sun Insurance Office, Ltd., to recover damages for injury to his property, arising out of an automobile collision, the plaintiff Simone appeals from so much of a judgment of the Supreme Court, Queens County, entered April 10, 1962 after trial, upon a jury's verdict, as is in favor of the defendant against him. No appeal has been taken by the plaintiff insurance company with respect to the property damage. Judgment, insofar as appealed from, affirmed, with costs. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ ALEXANDER VERITY, Respondent, v. EDWARD P. LARKIN et al., Constituting the Town Board of the Town of Hempstead, et al., Appellants.— In an action (a) to declare the Building Zone Ordinance of the Town of Hempstead to be unconstitutional insofar as it purports to prohibit the use of plaintiff's property for manufacturing and similar purposes; and (b) for related relief, the defendants Town of Hempstead and its Town Board appeal from an order of the Supreme Court, Nassau County, dated May 9, 1960, which denied their motion to dismiss for patent insufficiency each of the three causes of action pleaded in the amended complaint (Rules Civ. Prac., rule 106). Order affirmed, with $10 costs and disbursements. Defendants, if so advised, may serve an answer within 20 days after entry of the order hereon. The amended complaint sufficiently alleges causes of action for a declaratory judgment. A justiciable controversy is presented as to the effect of the zoning ordinance on plaintiff's property; and under such circumstances the complaint will not be dismissed for insufficiency merely because plaintiff may not be entitled to a declaration of rights as he claims them to be (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51; *Baldwin* v. *City of Buffalo*, 7 A D 2d 386). In so holding, we express no opinion as to the merits of the controversy between the parties. Nor is the complaint insufficient because it fails to allege that plaintiff had exhausted his administrative remedies for a variance. When issue has been joined and the facts have been established, it may appear that adequate relief may be obtained under the provisions either of the ordinance or of the Town Law. Such proof may be adduced, if it is available. All that we now decide is that the complaint sufficiently states causes of action for a declaration that the zoning ordinance is invalid insofar as it bars the use of plaintiff's property for manufacturing and similar purposes (cf. *Gardner* v. *Le Boeuf*, 8 A D 2d 736). Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.