■    In the Matter of SALAMON UNGER, Appellant, v DANIEL W. JOY, as Commissioner of the New York City Department of Rent and Housing Maintenance, Rent Control Division, Respondent.—In a proceeding pursuant to CPLR article 78 to review an order of the respondent which determined that a certain apartment was not subject to control, the petitioner appeals from so much of a judgment of the Supreme Court, Kings County, dated November 3, 1978, as dismissed the petition. The appeal also brings up for review that portion of the judgment as denied respondent's motion to dismiss the petition as time barred (see *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488). Judgment reversed, without costs or disbursements, and proceeding remitted to Special Term for further proceedings consistent herewith. The instant proceeding seeks review of an order of the Commissioner of the New York City Department of Rent and Housing Maintenance which determined that the petitioner's apartment was not subject to control. The order, which was dated August 9, 1978, was mailed to petitioner at his home and received by him sometime thereafter. On September 8, 1978 petitioner mailed a copy of the instant petition, along with a notice of petition, to the respondent. On September 22, 1978, the return date specified in the notice of petition, respondent made a motion to dismiss the petition as untimely. Special Term concluded that the proceeding was timely commenced, but nonetheless dismissed the petition on the merits. Under section Y51-9.0 of the New York City Administrative Code, an article 78 proceeding challenging a rent agency final determination must

be commenced "within thirty days after such determination". The determination becomes effective, and the Statute of Limitations begins to run, not when the administrative determination is signed or mailed, but when it is received by the aggrieved person *(Matter of Munice v Board of Examiners of Bd. of Educ.,* 31 NY2d 683; *Matter of Kaufman v Anker,* 66 AD2d 851; *Matter of Klein v Police Comr. of City of N. Y.,* 99 Misc 2d 186; *Matter of Ridgel v Lavine,* 77 Misc 2d 21). In the instant proceeding the papers submitted fail to reveal the date on which the administrative determination was received by petitioner. Accordingly, the date on which his claim arose may not be determined from the papers. Nor does the record reveal, with certainty, the time at which the petitioner's claim was interposed and the Statute of Limitations tolled (see CPLR 203, subd [a]). The mailing of the petition by ordinary mail did not constitute the service of a summons which would satisfy the statute (see CPLR 203, subd [b], par 1; cf. *Furey v Milgrom,* 44 AD2d 91). The petitioner's counsel asserts, however, that, in addition to the mailing, the petition and notice of petition were personally delivered to respondent's office on September 8, 1978. Assuming, as the respondent contends, that no such personal service was made, then petitioner's claim was interposed on September 22, 1978, when respondent appeared in the proceeding by moving to dismiss without raising an objection to jurisdiction (CPLR 320, subds [a], [b]). A hearing is required in order to resolve the factual issues thus presented. We note, additionally, that Special Term erred in considering, *sua sponte,* the merits of the dispute. Issue has not yet been joined and respondent's motion to dismiss was addressed solely to the timeliness of the petition. Should the motion to dismiss be determined in petitioner's favor, then the merits may be considered by Special Term after issue has been joined *(Hawk Sales Co. v Dieteman,* 42 AD2d 817). Mollen, P. J., Damiani, Gibbons and Martuscello, JJ., concur.