■ JEROME NADEL et al., Appellants, v NICHOLAS COSTA et al., Respondents. — In an action seeking a permanent injunction and a declaratory judgment, plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.), entered July 27, 1982, which denied their motion for a preliminary injunction and granted defendants' cross motion to dismiss the complaint for failure to state a cause of action. Order modified, by deleting the words "granted; and said complaint is hereby dismissed" from the first decretal paragraph thereof and substituting therefor the word "denied;" and by deleting the words "as moot" from the second decretal paragraph thereof. As so modified, order affirmed, without costs or disbursements. Special Term erred in dismissing the plaintiffs' complaint. Even though defendants cross-moved to dismiss, the proper procedure in an action seeking a declaratory judgment "is to deny the motion to dismiss the complaint (thereby retaining jurisdiction of the controversy) and then to declare the rights of the parties, whatever they may be" (*St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325; *City of White Plains v Del Bello,* 87 AD2d 483). The rights of the parties cannot be declared on the record as it presently stands. Liberally construed, the complaint and the papers submitted on plaintiffs' motion make out a cause of action for a judgment declaring the rights of the parties under an oral modification of agreements between them (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636). Furthermore, issues of fact requiring a trial are raised in relation to whether the defendants either waived or should be estopped from enforcing certain terms of the parties' agreements (see, generally, *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184). So much of the

order appealed from as denied plaintiffs' motion for a preliminary injunction is affirmed in light of plaintiffs' failure to comply with the conditions of this court's stay, pending appeal. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.