Washington County Sewer Dist. No. 2 et al., Respondents, v Franklin E. White, as Commissioner of the New York State Department of Transportation, et al., Appellants.

Third Department, March 26, 1992

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter G. Crary* and *Peter H. Schiff* of counsel), for appellants.

*Hinman, Straub, Pigors & Manning, P. C. (Paula F. Battiste* of counsel), for respondents.

## OPINION OF THE COURT

LEVINE, J. P.

Plaintiff Washington County Sewer District No. 2 (hereinafter plaintiff) owns and operates a combined sanitary and storm sewer system within the Villages of Hudson Falls and Fort Edward, Washington County, pursuant to 1985 agreements with those Villages. For the past several years, plaintiff's system has been experiencing excessive storm water overflow due to the lack of adequate drainage from the State highways which run through the Villages. This excessive storm water overflow apparently drains into plaintiff's sanitary sewer system and has caused raw sewage to be carried into the Hudson River. As a result, the Department of Environmental Conservation directed plaintiff to take measures to alleviate the problem and suggested that plaintiff enlist the cooperation of defendant Department of Transportation (hereinafter DOT) in undertaking storm sewer separation and constructing a separate storm sewer system in conjunction with DOT's planned renovation work on various State highways running through the Villages. However, DOT refused to participate in the storm sewer separation based on its stated position that providing storm water drainage to State highways within villages is not within its jurisdiction.

Thereafter, plaintiff commenced this action seeking a declaration that DOT is responsible under the Highway Law for providing storm water drainage from State highways which run through towns and villages. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to

state a cause of action,* asserting that Highway Law § 46 places the responsibility on the Villages themselves. Supreme Court denied defendants' motion to dismiss, finding that the complaint states a justiciable controversy. This appeal by defendants followed.

■ As a preliminary matter, we note that generally "the rule in declaratory judgment actions [is] that on a motion to dismiss the complaint for failure to state a cause of action, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him [or her]" *(Law Research Serv. v Honeywell, Inc.,* 31 AD2d 900, 901; *see, Nasa Auto Supplies v 319 Main St. Corp.,* 133 AD2d 265, 266; *Hallock v State of New York,* 39 AD2d 172, 174, *affd* 32 NY2d 599). Nevertheless, where no issue of fact is raised by the pleadings, judgment may be rendered on the merits on a defendant's motion to dismiss the complaint *(see, Fillman v Axel,* 63 AD2d 876; *Law Research Serv. v Honeywell, Inc., supra).* Because resolution of the issue presented in this case involves solely a question of statutory interpretation, it is our view that a determination may properly be made on the merits. "Under these circumstances, the proper procedure * * * is to deny the motion to dismiss the complaint (thereby retaining jurisdiction of the controversy) and then to declare the rights of the parties" *(St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325).

Highway Law § 46, as amended in 1970 (L 1970, ch 628), provides that the State is responsible for maintaining any drainage ditches and storm sewer facilities constructed primarily to service State highways. It is undisputed by the parties, however, that the amendment to Highway Law § 46 was intended to be prospective in nature and, therefore, that the responsibility for maintaining any drainage ditches or storm sewer facilities constructed prior to January 1, 1971, the 1970 amendment's effective date, remains with the village in which they are located *(see,* mem of Dept of Transp, Bill Jacket, L 1970, ch 628; 1985 Atty Gen [Inf Opns] 116-117). While acknowledging that there are no drainage ditches or

---

* Defendants had also moved to dismiss on the grounds of failure to name necessary parties and lack of standing. Before argument of the motion, however, the parties eliminated these second and third grounds of the motion by stipulating that the Villages and Washington County would be added as plaintiffs.

storm sewer facilities currently in existence on the State highways at issue to which the State's maintenance responsibility can be applied, plaintiffs contend that implicit in Highway Law § 46 and in the general powers given to defendant Commissioner of Transportation (hereinafter the Commissioner) under Highway Law § 10 is a duty to undertake the construction of storm sewer facilities to alleviate the storm water drainage problem within the Villages. We disagree.

■ Pursuant to Highway Law § 46, the Commissioner is "authorized to construct, reconstruct or improve as a state highway any street within any village". Highway Law § 46 further provides that "the plans, specifications and estimate of cost of such construction, reconstruction or improvement * * * may, *in the discretion of the commissioner of transportation,* include the installation * * * of * * * drainage facilities" (emphasis supplied). However, there is no language in Highway Law § 46 which can be construed as imposing a duty on the State (i.e., DOT) to construct drainage facilities where none existed previously when it repaves or improves a State highway, and to construe Highway Law § 46 to impose such a duty would be inconsistent with the above-quoted discretionary language. Nor do we find any language imposing any such duty in Highway Law § 10 (5), (11) or (25), which merely set forth the Commissioner's responsibility for supervising and directing State highway repairs and aiding municipalities in preparing suitable highway drainage systems, as well as his general power to provide drainage for the highways DOT paves.

Finally, unlike Supreme Court, we are unpersuaded by plaintiffs' claim that, if the work admittedly done by DOT on the highways in question since 1970 constituted an "improvement" or "reconstruction" within the meaning of the Highway Law, then it had a responsibility to construct drainage or storm water facilities. Regardless of how the work performed by DOT is characterized, we cannot conclude that it was statutorily *required to construct* new drainage or storm sewer facilities within the Villages. Accordingly, defendants are entitled to a declaration that DOT is not responsible under the Highway Law for constructing new storm water drainage facilities on the State highways running through the Villages.

MERCURE, MAHONEY and CASEY, JJ., concur.

Ordered that the order is modified, on the law, without

costs, by declaring that defendant Department of Transportation is not responsible for constructing new drainage ditches or storm sewer facilities on the State highways running through plaintiffs Villages of Hudson Falls and Fort Edward; and, as so modified, affirmed.