■ WESTHAMPTON CABINS & CABANAS OWNERS CORP., Respondent, et al., Plaintiffs, v WESTHAMPTON BATH & TENNIS CLUB OWNERS CORP., Appellant. (And a Third-Party Action.) [749 NYS2d 574] —In an action, inter alia, for a judgment declaring an amendment to a certain ground lease null and void, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated July 16, 2001, as, upon renewal, denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court, upon renewal, properly denied the

defendant's cross motion for summary judgment dismissing the complaint in light of the disputed issues of fact with regard to the July 2, 1996, amendment to the parties' ground lease (*see Zuckerman v City of New York,* 49 NY2d 557).

The respondent's failure to seek a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) does not constitute an admission that it breached the subject lease. It means simply that "there has been no toll of the period in which to cure, and, consequently, there has been an irrevocable lapse of the time to cure" (*Norlee Wholesale Corp. v 4111 Hempstead Turnpike Corp.,* 138 AD2d 466, 470; *see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630; *Christine's Shoes Corp. v 251 Main St. Corp.,* 267 AD2d 415). The respondent may still litigate the substantive issue of whether it has defaulted under the lease. O'Brien, J.P., Friedmann, H. Miller and Cozier, JJ., concur.