■ La Lanterna, Inc., Respondent, v Fareri Enterprises, Inc., Appellant. [831 NYS2d 190]—

In an action, inter alia, for a judgment declaring that the plaintiff is not in breach of a commercial lease, the defendant appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), dated March 15, 2006, which denied its motion, inter alia, for summary judgment on its first counterclaim and for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment determining that the defendant is not barred from asserting a counterclaim for any alleged breach of the lease extension due to the plaintiff's failure to construct a parking lot or patio based on the defendant's and its predecessor's acceptance of rent, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's fourth cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In June 1997 SDR IV Realty, Inc. (hereinafter SDR), as landlord, and La Lanterna, Inc. (hereinafter La Lanterna), as tenant, entered into a 12-year commercial lease (hereinafter the lease) for premises located in Armonk. Various disputes between the parties resulted in SDR's attempt to terminate the

lease for La Lanterna's alleged breach of it. Those disputes were seemingly resolved in June 2002 when the parties entered into a stipulation in the Supreme Court, Westchester County. As part of that stipulation, La Lanterna and SDR agreed to an extension of the lease for an additional seven years, from 2009 through 2016 (hereinafter the lease extension). The parties also agreed that a new parking lot would be built, but a dispute arose as to which party was responsible for its construction. In May 2005 SDR sold the premises to the defendant, Fareri Enterprises, Inc. (hereinafter Fareri).

In August 2005, after serving a notice to cure, Fareri purported to terminate the lease and the lease extension based on La Lanterna's alleged breach of its obligation to construct the parking lot. La Lanterna commenced this action seeking, inter alia, a declaration that Fareri could not assert a cause of action that La Lanterna was in breach of the lease extension or lease because Fareri and SDR knew of La Lanterna's alleged failure to construct the parking lot, but nevertheless accepted rent payments.

Fareri asserted four counterclaims, essentially seeking declarations that the lease and/or the lease extension were terminated. Fareri also sought damages. Eventually, Fareri moved, inter alia, for summary judgment on its first counterclaim for a determination, inter alia, that the lease extension was terminated, and for summary judgment dismissing La Lanterna's complaint.

As the party seeking summary judgment, Fareri had the burden of establishing prima facie its entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *St. Claire v Empire Gen. Contr. & Painting Corp.*, 33 AD3d 611 [2006]). It failed to establish as a matter of law either that La Lanterna had breached the lease extension or that the lease extension was otherwise terminated. As the Supreme Court properly held, there were outstanding issues of fact as to the various parties' obligations under the lease extension and as to which party, if any, breached the lease extension. Because Fareri, as the proponent of the motion, did not meet its burden, denial of the motion was required without regard to the sufficiency of La Lanterna's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Alvarez v Prospect Hosp., supra; Liquore v Tri-Arc Mfg. Co.*, 32 AD3d 905 [2006]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]).

As the Supreme Court correctly noted, when the plaintiff in an action for a declaratory judgment is not entitled to the decla-

ration sought, the remedy is not dismissal of the complaint, but a declaration of the rights of the parties, whatever those rights may be (*see 200 Genesee St. Corp. v City of Utica,* 6 NY3d 761, 762 [2006]; *Stahlbrodt v Commissioner of Taxation & Fin. of State of N.Y.,* 92 NY2d 646, 652 [1998]; *Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Nadel v Costa,* 91 AD2d 976 [1983]). With respect to La Lanterna's second cause of action, which was for a declaration that La Lanterna was not in breach of the lease extension, Fareri did not meet its burden of establishing its entitlement prima facie to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr., supra; Mariaca-Olmos v Mizrhy, supra*). Put otherwise, the Supreme Court correctly held that the rights of the parties could not be determined on this record (*see Nadel v Costa, supra*). With respect to La Lanterna's first cause of action, however, the Supreme Court erred.

In that first cause of action, La Lanterna sought a declaration that by accepting rent from La Lanterna despite knowing of the facts that allegedly constituted a breach of that part of the lease extension respecting construction of a parking lot, Fareri, and its predecessor, SDR, waived any such breach. Fareri established its entitlement to judgment as a matter of law on this claim by submitting the lease and lease extension, which specifically provided that acceptance of rent despite knowledge of a breach did not constitute a waiver of that breach, unless there was a written waiver (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.,* 61 NY2d 442, 446 [1984]; *Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.,* 1 AD3d 65, 70 [2003]; *Kallen v Kasin,* 226 AD2d 505 [1996]). No such written waiver exists. In response to this prima facie showing, La Lanterna failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra; Gaines v Shell-Mar Foods, Inc.,* 21 AD3d 986, 987 [2005]). Consequently, Fareri was entitled to a declaration that acceptance of rent from La Lanterna by SDR and then by Fareri was not a waiver of a breach of the lease extension.

We reject Fareri's argument that its purported termination of the lease in August 2005 rendered La Lanterna's claims academic. It is true that La Lanterna charted a hazardous course in this litigation by not seeking a so-called *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]). If it is determined that La Lanterna did breach the lease and lease extension, it will not have preserved any right to cure a default (*see Norlee Wholesale Corp. v 4111 Hempstead Turnpike Corp.,* 138 AD2d 466, 469 [1988]; *Mann Theatres Corp.*

*of Cal. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, 476 [1983], *affd* 62 NY2d 930 [1984]). But, without a determination that La Lanterna was in breach, any purported termination will not render litigation on the substantive issues academic. La Lanterna may still litigate the issue of its breach of the lease extension (*see Westhampton Cabins & Cabanas Owners Corp. v Westhampton Bath & Tennis Club Owners Corp.,* 299 AD2d 478, 479 [2002]).

In response to Fareri's prima facie demonstration of entitlement to judgment as a matter of law, dismissing the fourth cause of action, La Lanterna failed to raise a triable issue of fact. The Supreme Court therefore should have dismissed La Lanterna's fourth cause of action.

Fareri's remaining claims are without merit or academic. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.