In the Matter of TILCON NEW YORK, INC., Appellant, v TOWN OF POUGHKEEPSIE et al., Respondents. [930 NYS2d 34]—

The petitioner/plaintiff, Tilcon New York, Inc. (hereinafter Tilcon), commenced this hybrid proceeding pursuant to CPLR article 78 seeking, inter alia, to annul Local Law No. 11 (2009) of the Town of Poughkeepsie (hereinafter Local Law 11-2009), and action for a judgment declaring that Local Law 11-2009 is preempted by state law, and is unconstitutional. Tilcon sought declarations that Local Law 11-2009 was (1) inconsistent with and preempted by the Vehicle and Traffic Law; (2) inconsistent with and preempted by the Mined Land Reclamation Law; (3) in violation of the Equal Protection Clauses of the United States and New York Constitutions; (4) in violation of the of the Due Process Clauses of the United States and New York Constitutions; and (5) in violation of the Commerce Clause of the United States Constitution.

Prior to interposing an answer to the petition/complaint, the respondents/defendants Town of Poughkeepsie and the Town Board of the Town of Poughkeepsie (hereinafter together the Town) moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the second, third, fourth, and fifth causes of action on the ground that they failed to state a cause of action, and also pursuant to CPLR 3211 (a) (3) to dismiss the first cause of action on the ground that the petitioner/plaintiff lacked standing to assert it. Tilcon cross-moved to preliminarily enjoin the Town from enforcing Local Law 11-2009.

The Supreme Court, inter alia, denied those branches of the Town's motion which were to dismiss the first five causes of action seeking declaratory relief, but nonetheless rendered a

declaratory judgment in the Town's favor with respect to each of those five causes of action. The Supreme Court denied, as academic, Tilcon's cross motion for a preliminary injunction. We modify.

"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]; *see Rockland Light & Power Co. v City of New York*, 289 NY 45, 51 [1942]; *Law Research Serv. v Honeywell, Inc.*, 31 AD2d 900, 901 [1969]; *Verity v Larkin*, 18 AD2d 842 [1963]; *see also* Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.13 [2d ed]). Accordingly, where a cause of action is sufficient to invoke the court's power to "render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001; *see* CPLR 3017 [b]), a motion to dismiss that cause of action should be denied (*see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.*, 20 NY2d 317, 325 [1967]; *Rockland Light & Power Co. v City of New York*, 289 NY at 51; *Staver Co. v Skrobisch*, 144 AD2d at 450; *Ackert v Union Pac. R. R. Co.*, 4 AD2d 819, 821 [1957]; *Derby v Gayvert & Co.*, 286 App Div 1150 [1955]; *Strauss v University of State of N.Y.*, 282 App Div 593, 595 [1953]; *see also* Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.13 [2d ed]).

However, courts have, on occasion, reached the merits of a properly pleaded cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action where "no questions of fact are presented [by the controversy]" (*Hoffman v City of Syracuse*, 2 NY2d 484, 487 [1957]; *see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *German Masonic Temple Assn. v City of New York*, 279 NY 452, 457 [1939]; *Washington County Sewer Dist. No. 2 v White*, 177 AD2d 204, 206 [1992]; *Fillman v Axel*, 63 AD2d 876 [1978]; *Garcia v Motor Veh. Acc. Indem. Corp.*, 18 AD2d 62, 62-63 [1963]; *Civil Serv. Forum v New York City Tr. Auth.*, 4 AD2d 117, 129-130 [1957], *affd* 4 NY2d 866 [1958]). Under such circumstances, the "motion [to dismiss for failure to state a cause of action] should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (Siegel, NY Prac § 440, at 745 [4th ed]; *see Lanza v Wagner*, 11 NY2d at 334; *Hoffman v City of Syracuse*, 2 NY2d at 487; *German Masonic Temple Assn. v City of New York*, 279 NY at 457; *Washington County Sewer Dist. No. 2 v White*, 177 AD2d at 206; *Fillman v Axel*, 63 AD2d 876 [1978]; *Garcia v*

*Motor Veh. Acc. Indem. Corp.*, 18 AD2d at 62-63; *Civil Serv. Forum v New York City Tr. Auth.*, 4 AD2d at 129-130).

However, if the record before the motion court is insufficient to resolve all factual issues such that the rights of the parties cannot be determined as a matter of law, a declaration upon a motion to dismiss is not permissible (*see Rockland Light & Power Co. v City of New York*, 289 NY at 51; *Nadel v Costa*, 91 AD2d 976, 976 [1983]; *Verity v Larkin*, 18 AD2d 842 [1963]; *see also La Lanterna, Inc. v Fareri Enters., Inc.*, 37 AD3d 420, 422-423 [2007]; *Law Research Serv. v Honeywell, Inc.*, 31 AD2d 900, 901 [1969]).

Here, the Supreme Court denied those branches of the Town's motion which were to dismiss the second, third, fourth, and fifth causes of action for failure to state a cause of action, upon concluding that those causes of action were sufficiently pleaded such that declaratory relief in some form was appropriate (*see* CPLR 3001, 3017 [b]; *Rockland Light & Power Co. v City of New York*, 289 NY at 51; *Staver Co. v Skrobisch*, 144 AD2d at 450). Tilcon contends on appeal, however, that the Supreme Court erred in proceeding to render a declaratory judgment in the Town's favor with respect to those causes of action in the context of deciding the motion to dismiss the petition/complaint. Since the Town did not cross-appeal from the determination denying those branches of its motion, we must now address whether judgment was properly rendered in connection with those causes of action.

The second cause of action alleged that Local Law 11-2009 is inconsistent with and preempted by the Mined Land Reclamation Law (*see* ECL 23-2701 *et seq.*). Since there are no factual issues that would prevent determination on the merits as a matter of law with respect to these issues, it was appropriate to make a declaration with respect to this cause of action. In this regard, the Supreme Court properly declared that Local Law 11-2009 is not inconsistent with or preempted by the Mined Land Reclamation Law (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 681-683 [1996]; *Town of Riverhead v T.S. Haulers*, 275 AD2d 774, 775 [2000]; *Preble Aggregate v Town of Preble*, 263 AD2d 849, 850 [1999]; *see also* ECL 23-2703 [2] [a]).

The third and fourth causes of action alleged that Local Law 11-2009 violates the Equal Protection Clauses and Due Process Clauses of the United States and New York Constitutions. The fifth cause of action alleged that Local Law 11-2009 violates the Commerce Clause of the United States Constitution. Contrary to the Town's contention, it failed to demonstrate the absence

of all factual issues such that a determination as to those three causes of action could be determined as a matter of law (*see White Plains Automotive Supply Co. v City of Peekskill*, 98 AD2d 776 [1983], *affd* 68 NY2d 933 [1986]; *Matter of King Rd. Materials v Town Bd. of Town of Rotterdam*, 37 AD2d 357, 360 [1971], *affd* 32 NY2d 890 [1973]; *see also Quaglia v Incorporated Vil. of Munsey Park*, 44 NY2d 772, 774 [1978]). Accordingly, the Supreme Court erred when it declared, at this stage of the proceedings, that Local Law 11-2009 does not violate the Equal Protection Clauses and Due Process Clauses of the United States and New York Constitutions, and also does not violate the Commerce Clause of the United States Constitution (*see Rockland Light & Power Co. v City of New York*, 289 NY at 51; *Nadel v Costa*, 91 AD2d at 976; *Verity v Larkin*, 18 AD2d 842 [1963]; *see also La Lanterna, Inc. v Fareri Enters., Inc.*, 37 AD3d at 422-423; *Law Research Serv. v Honeywell, Inc.*, 31 AD2d at 901).

We note that the branch of the Town's motion which was directed to the first cause of action sought the dismissal thereof solely on the ground that Tilcon lacked standing to assert it. After determining that Tilcon had standing, the Supreme Court erred, under the circumstances, when it considered grounds not raised in the Town's motion in order to reach and determine the merits of the first cause of action (*see Matter of Dental Socy. of State of N.Y. v Carey*, 92 AD2d 263, 264 [1983], *affd* 61 NY2d 330 [1984]; *Matter of Unger v Joy*, 78 AD2d 680, 681 [1980]; *Mulonet v Lasky*, 39 AD2d 922, 923 [1972]; *Matter of Hassett v Barnes*, 11 AD2d 1089, 1090 [1960]; *cf. Greene v Davidson*, 210 AD2d 108, 109 [1994]). Accordingly, the Supreme Court erred when it declared, at this stage of the proceedings, that Local Law 11-2009 is not inconsistent with or superseded by certain provisions of the Vehicle and Traffic Law (*see Rockland Light & Power Co. v City of New York*, 289 NY at 51; *Nadel v Costa*, 91 AD2d at 976; *Verity v Larkin*, 18 AD2d 842 [1963]; *see also La Lanterna, Inc. v Fareri Enters., Inc.*, 37 AD3d at 422-423; *Law Research Serv. v Honeywell, Inc.*, 31 AD2d at 901).

Finally, in light of the foregoing, Tilcon's cross motion for a preliminary injunction is no longer academic and must be determined on the merits. Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a determination of the petitioner/plaintiff's cross motion on the merits, and for further proceedings on the first, third, fourth, and fifth causes of action. Skelos, J.P., Eng, Austin and Miller, JJ., concur.