PF Dev. Group, LLC v Town of Brunswick (2025 NY Slip Op 03671)

PF Dev. Group, LLC v Town of Brunswick

2025 NY Slip Op 03671

Decided on June 18, 2025

Appellate Division, Third Department

Garry, P.J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-0141

[*1]PF Development Group, LLC, et al., Appellants,
v
Town of Brunswick et al., Respondents.

Calendar Date:April 22, 2025

Before: Garry, P.J., Pritzker, McShan and Powers, JJ.

Young/Sommer LLC, Albany (William A. Hurst of counsel), for appellants.
Johnson & Laws, LLC, Clifton Park (Olivia G. Reinhardt of counsel), for respondents.

Garry, P.J.
Appeal from an order of the Supreme Court (Richard McNally Jr., J.), entered January 9, 2024 in Rensselaer County, which declared that Local Law No. 2022-08 of the Town of Brunswick is valid.
Plaintiffs, a land use development company and its sole member, own contiguous parcels of real property with frontage on Hoosick Street, or State Route 7, in the Town of Brunswick, Rensselaer County. The property spans several zoning districts, including the B-15 commercial zoning district and the R-9 and R-25 residential zoning districts. In February 2016, the Planning Board of defendant Town of Brunswick conditionally approved a final site plan for that part of the property located in the B-15 zoning district, which contemplated construction of several nationally branded establishments, including a gym, fast-food restaurant and supermarket. In March 2017, defendant Town Board of the Town of Brunswick adopted Local Law No. 2017-01, which, among other things, superseded and replaced in its entirety the Town's prior zoning ordinance. Pertinent here, Local Law No. 2017-01 established multifamily dwellings as an allowable use by special permit in the R-25 zoning district. Following adoption of the new zoning law, plaintiffs revisited their development plans. In September 2017, they submitted a master plan for a mixed-use development spanning their property, followed by an application to the Planning Board in November 2017 for site plan approval and a special use permit to develop the R-25 zoned portion of their property for multifamily use — specifically, five two-story apartment buildings, associated parking, a community club house and related private recreational facilities.
Plaintiffs' application proceeded through the Planning Board review process, during which the Planning Board repeatedly raised concerns over whether the Town had reached a saturation point of apartments. During this time, the conduct of the Planning Board's Chairperson, who owned land adjacent to the site of the proposed apartment buildings, was also called into question. Ultimately, in September 2018, the Chairperson recused himself from further action on plaintiffs' application. Thereafter, the Planning Board issued a positive declaration under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), requiring plaintiff to proceed through the SEQRA process. In November 2019, when the time came for the Planning Board to pass upon plaintiffs' draft environmental impact statement, the Planning Board allegedly held a private meeting with plaintiffs and other Town officials about the application. According to plaintiffs, following their objections to the length of time the Planning Board had taken on the application to date, representatives of the Town stated that plaintiffs needed to withdraw the portion of their proposal that was for multifamily development in order for the matter to proceed to timely approval. Plaintiffs allege that they complied with that ultimatum[*2], under protest and without prejudice, in order to avoid losing their commercial tenants. Plaintiffs further allege that this situation was orchestrated by the Planning Board Chairperson to further his personal interests. The approval process then continued with respect to the commercial development, somewhat slowed by the COVID-19 pandemic.
In March 2021, the Town Board, citing the Planning Board's concerns over the number of multifamily dwelling units in the Town, adopted Local Law No. 2021-02, which implemented a six-month moratorium on the approval of projects with multifamily land use components so that the Town Board could consider whether Local Law No. 2017-01 sufficiently regulated multifamily dwellings. The moratorium was later extended until March 2022. Shortly thereafter, the Planning Board finally approved plaintiffs' commercial development project, subject to certain conditions.
In December 2022, the Town Board adopted Local Law No. 2022-08, amending Local Law No. 2017-01 with respect to the "appropriate location and density of two-family and multifamily dwellings" in the Town. Citing "housing and population density; existing and potential public infrastructure availability; and the preservation, maintenance, and enhancement of the quality of life of residents and property owners of the Town," the Town Board imposed new density requirements and slope restrictions on land use, including in the R-25 zoning district.
Plaintiffs commenced this declaratory judgment action thereafter challenging Local Law No. 2022-08 on essentially three grounds: it directly contravenes or is otherwise inconsistent with the 2013 Town of Brunswick Comprehensive Plan; it arbitrarily and disproportionately impacts plaintiffs' parcel, rendering further development thereof uneconomic; and it was enacted in retaliation against plaintiffs for acting against the personal interests of the Planning Board Chairperson and as part of a scheme to deprive plaintiffs of the special use permit to which they were entitled. Defendants moved, pre-answer, to dismiss the complaint pursuant to CPLR 3211 (a) (7), among other things. Plaintiffs opposed. Finding that there were no factual issues in dispute, Supreme Court concluded that Local Law No. 2022-08 was consistent with the Town's comprehensive plan, that any allegations of spot zoning were conclusory, and that any impropriety on the part of the recused Planning Board Chairperson was irrelevant to an enactment by the Town Board. The court accordingly declared the law to be valid. This appeal ensued.
Plaintiffs' central contention upon appeal is that Supreme Court applied an inappropriate standard in reviewing defendants' pre-answer motion to dismiss in this declaratory judgment action. "CPLR 3211 (a) (7) does double duty in declaratory judgment actions as both a facial sufficiency screening mechanism and an accelerated-judgment mechanism," and such a motion therefore "must be analyzed in three steps" (Matter of Kerri W.S. [*3]v Zucker, 202 AD3d 143, 154 [4th Dept 2021], lv dismissed 38 NY3d 1028 [2022], lv denied 42 NY3d 905 [2024]). The first step is necessarily only "whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether any party is entitled to a particular declaration" (id. [internal quotation marks, brackets and citation omitted]; see Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d 1377, 1378 [3d Dept 2019]; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150-1151 [2d Dept 2011]). If a cognizable claim for declaratory relief is set forth, further inquiry is appropriate. The second step in the analysis concerns "whether factual issues preclude a summary determination of the parties' rights" (Matter of Kerri W.S. v Zucker, 202 AD3d at 154; see Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d 109, 112 [3d Dept 2020]). If the answer to that question is yes, then the CPLR 3211 (a) (7) motion must be denied, without any declaration, and "the case continues on its ordinary course" (Matter of Kerri W.S. v Zucker, 202 AD3d at 154-155; see Matter of Wir Assocs., LLC v Town of Mamakating, 157 AD3d 1040, 1045 [3d Dept 2018]; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148 at 1151). Only if the court, deeming the material allegations of the complaint to be true, is able to determine the action as a matter of law should the inquiry move to the next step (see Matter of Kerri W.S. v Zucker, 202 AD3d at 155; Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d at 112; Guthart v Nassau County, 178 AD3d 777, 778 [2d Dept 2019]). At step three, the court technically "denies the CPLR 3211 (a) (7) motion in order to 'retain[ ] jurisdiction of the controversy,' and it then immediately 'declare[s] the rights of the parties, whatever they may be' " (Matter of Kerri W.S. v Zucker, 202 AD3d at 155, quoting St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d 317, 325 [1967]; see Matter of Schulz v State of New York, 216 AD3d 21, 29 [3d Dept 2023], appeal dismissed 40 NY3d 1004 [2023], cert denied ___US ___, 144 S Ct 1461 [2024]).
The compliance of Local Law No. 2022-08 with Town Law § 265 depends upon only interpretation of the local law and the Town's comprehensive plan — generally legal questions appropriate to resolve on the subject motion (see Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d at 113). Although there may indeed be disputed facts underlying plaintiffs' claim of reverse spot zoning (see Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1151-1152), we cannot conclude that those factual issues precluded a summary determination. As defendants highlight and plaintiffs seemingly concede in reply, there is no argument before this Court regarding the substance of Supreme Court's holding that the challenged local law is consistent with the Town's comprehensive plan. Accepting the court's unchallenged conclusion [*4]on that issue, plaintiffs' claim of reverse spot zoning fails, as a matter of law, as "[s]uch a claim requires proof both that the zoning is site-specific" — where the factual dispute arises here — "and that it is inconsistent with the well-considered land-use plan for the area" (Peck Slip Assoc. LLC v City Council of City of N.Y., 26 AD3d 209, 210 [1st Dept 2006], lv denied 7 NY3d 703 [2006]; see Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d 575, 580 [2d Dept 2018], lv denied 33 NY3d 910 [2019]; see also Collard v Incorporated Vil. of Flower Hill, 52 NY2d 594, 600 [1981]; Matter of Save Our Forest Action Coalition v City of Kingston, 246 AD2d 217, 221 [3d Dept 1998]).
As for the claims of bias and other impropriety, plaintiffs allege that the Planning Board Chairperson was the principle driver of extended delays in the subject Planning Board review process and that he, for his own benefit as an adjoining landowner, organized, coordinated and coerced the Planning Board to pressure plaintiffs to withdraw that portion of their application that was for multifamily development. Plaintiffs' argument continues that the Chairperson then schemed, conspired with and otherwise coordinated and orchestrated the Town Board's consideration and adoption of Local Law No. 2022-08 to harm plaintiffs, and that the Town Board knowingly participated in that scheme and conspiracy in order to permanently deprive plaintiffs of the special use permit to which they were entitled following their satisfactory compliance with the SEQRA process. In support of those allegations, plaintiffs attached a number of exhibits to their complaint, including meeting minutes that reveal the Chairperson's concern over additional apartments in the Town and his communication of that position, on behalf of the Planning Board, to the Town Board on more than one occasion. Meeting minutes further reveal that rumors were circulating in the community regarding the Chairperson's opposition to plaintiffs' multifamily development proposal specifically, including allegations that he personally held meetings regarding same and that he coached community members on how to oppose the project.
As Supreme Court correctly noted, the enactment that plaintiffs seek to invalidate in this action was a product of the Town Board, not the Planning Board (see Town Law §§ 261, 264). We further note that it is expressly within the power of the Planning Board to submit advisory opinions to the Town Board for proposed amendment to the zoning law (see Local Law No. 2017-01 of Town of Brunswick § 160-106 [B] [3]). For these reasons, it is possible that the connection of the alleged bias to the action of the Town Board may ultimately be insufficiently direct. Supreme Court's decision apparently rejected plaintiffs' allegations on this ground. Nonetheless, accepting plaintiffs' allegations as true, the extent to which the long-term Chairperson's alleged bias infected the Planning Board's recommendation [*5]to the Town Board that multifamily dwelling development be reconsidered, the Town's subsequent investigation thereof, and the Town Board's ultimate adoption of the challenged local law limiting same is not amenable to resolution as a matter of law at this procedural stage (see generally Matter of Schweichler v Village of Caledonia, 45 AD3d 1281, 1283-1284 [4th Dept 2007], lv denied 10 NY3d 703 [2008]). Thus, any declaration regarding the validity of Local Law No. 2022-08 was premature, and Supreme Court's order must be reversed in full so that the action may proceed through the ordinary course.
Pritzker, McShan and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and motion denied.