Cox v First Citizens Bancshares, Inc.

2026 NY Slip Op 02388

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Sandy Cox, et al., appellants,

v

First Citizens Bancshares, Inc., etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2025-00760, (Index No. 611892/24)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Sandy Cox and Valerie Cox, Westbury, NY, appellants pro se.

Reed Smith LLP, New York, NY (Michael V. Margarella and Diane A. Bettino of counsel), for respondent.

[*1]

DECISION & ORDER

In an action for certain declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered December 27, 2024. The order denied the plaintiffs' motion pursuant to CPLR 3215 for leave to enter a default judgment and granted the defendant's cross-motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.

ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross-motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and adding a provision thereto deeming the cross-motion to be for a declaratory judgment in the defendant's favor, and thereupon granting the cross-motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant's failure to respond to the plaintiffs' request to produce the chain of title for the subject mortgage loan does not entitle the plaintiffs to be released from the subject mortgage loan.

In July 2024, the plaintiffs commenced this action seeking a declaratory judgment "releasing" them from their mortgage loan. In their verified complaint, the plaintiffs alleged that they are the mortgagors and the defendant is the mortgagee with regard to the mortgage loan. They further alleged that on March 28, 2024, they mailed a letter to the defendant requesting production of the chain of title for the mortgage loan, which the defendant did not originate. Despite delivery of the letter the following day, the defendant failed to produce the chain of title as requested. Thus, according to the plaintiffs, they are entitled to a declaratory judgment releasing them from the mortgage loan.

By notice of motion dated July 9, 2024, the plaintiffs moved pursuant to CPLR 3215 for leave to enter a default judgment. Subsequently, on or about July 25, 2024, the defendant interposed a timely verified answer to the complaint. Thereafter, the defendant cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order entered December 27, 2024, the Supreme Court denied the plaintiffs' motion and granted the defendant's cross-motion. The plaintiffs appeal.

First, contrary to the plaintiffs' contentions, the Supreme Court properly denied their [*2]motion pursuant to CPLR 3215 for leave to enter a default judgment. A plaintiff may seek a default judgment against a defendant pursuant to CPLR 3215(a) only when the "defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed." Here, the plaintiffs prematurely moved for leave to enter a default judgment against the defendant one day after commencing this action and on the same date as service of the summons and complaint, to which the defendant timely interposed an answer (see id. § 320[a]). Accordingly, the plaintiffs' motion pursuant to CPLR 3215 for leave to enter a default judgment was properly denied.

Pursuant to CPLR 3001, "[t]he supreme court may render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728). "[T]he demand for relief in the complaint shall specify the rights and other legal relations on which a declaration is requested" (CPLR 3017[b]; see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728).

In general, a motion to dismiss the complaint in a declaratory judgment action presents for consideration only the issue of whether a cause of action for declaratory relief has been stated, not the question of whether the plaintiff is entitled to a favorable declaration (see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150). Accordingly, if a cause of action is sufficient to invoke the court's power to render a declaratory judgment as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied (see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150). However, where the court, deeming the allegations of the complaint to be true, is nevertheless able to determine, as a matter of law, that the defendant is entitled to a declaration in its favor, the court may enter a judgment making the appropriate declaration (see Hoffman v Syracuse, 2 NY2d 484, 487; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150).

Here, the plaintiffs sought a declaratory judgment releasing them from the mortgage loan based on allegations that the defendant, as the alleged holder but non-originator of the loan, did not respond to the plaintiffs' request to provide them with the chain of title. Contrary to the plaintiffs' contention, there is no legal basis for the requested declaration, and the defendant is entitled, as a matter of law, to a judgment declaring that its failure to respond to the plaintiffs' request to produce the chain of title for the mortgage loan does not entitle them to be released from the loan (see generally Hoffman v Syracuse, 2 NY2d at 487). To the extent the complaint could be viewed as seeking a declaratory judgment releasing the plaintiffs from the mortgage loan based on allegations that the defendant lacks standing to enforce the loan in a foreclosure action, such a cause of action would be premature and an improper request for an advisory opinion (see Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d 880, 883). Significantly, a plaintiff seeking to foreclose a mortgage must merely be the owner or holder of the note at the time of commencement of the mortgage foreclosure action, which is not alleged to have yet occurred (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361).

Accordingly, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment as set forth herein.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court