Abruzzo Docg, Inc. v Acceptance Indem. Ins. Co.

2026 NY Slip Op 02810

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Abruzzo Docg, Inc., et al., plaintiffs, Aemal, LLC, etc., et al., appellants,

v

Acceptance Indemnity Insurance Company, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2022-02854, (Index No. 514089/20)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Jenner & Block LLP, New York, NY (Jeremy M. Creelan, Melissa T. Fedornak, and Gabriel K. Gillett of counsel), for appellants.

Foran Glennon Palandech Ponzi & Rudloff P.C., New York, NY (Charles Rocco and Ashley Vicere of counsel), for respondent Acceptance Indemnity Insurance Company, Robinson & Cole LLP, New York, NY (Wystan M. Ackerman, Gregory P. Varga, and Shivang S. Gandhi of counsel), for respondents Charter Oak Fire Insurance Company, Travelers Casualty Insurance Company of America, Travelers Excess and Surplus Lines Company, Admiral Indemnity Company, Greater New York Mutual Insurance Company, Strathmore Insurance Company, Liberty Mutual Fire Insurance Company, and Ohio Security Insurance Company, Stroock & Stroock & Lavan LLP, New York, NY (Chelsea L. Goulet of counsel), for respondents Arch Insurance Company and Watford Specialty Insurance Company, Zelle LLP, New York, NY (Matthew Gonzalez, Isabella Stankowski-Booker, and Kristin C. Cummings, pro hac vice, of counsel), for respondents XL Insurance America, Inc., Greenwich Insurance Company and Arch Specialty Insurance Company, Sidley Austin LLP, New York, NY (Penny P. Reid of counsel), for respondent Aspen American Insurance Company, Kennedys CMK LLP, New York, NY (Eduardo DeMarco, Douglas J. Steinke, and Joanna L. Young of counsel), for respondents AXIS Insurance Company, Seneca Insurance Company, Inc., and First Mercury Insurance Company, Aaronson Rappaport Feinstein and Deutsch, LLP, New York, NY (Elliot J. Zucker of counsel), for respondents Brit Syndicates Limited, Catlin Underwriting Agencies Limited, Argo Managing Agency Limited, Liberty Managing Agency Limited, and Tokio Marine-Kiln Syndicates Limited, Finazzo Cossolini O'Leary Meola & Hager, LLC, New York, NY (Jeremiah L O'Leary of counsel), for respondent Citizen Insurance Company of America, Steptoe LLP, New York, NY (Charles Michael of counsel), for respondents Hartford Fire Insurance Company, Sentinel Insurance Company, Ltd., and Twin City Fire Insurance Company, Mound Cotton Wollan & Greengrass LLP (Philip C. Silverberg. Hilary Henkind, Jared Markowitz, and Wiggin and Dana LLP, New York, NY [David R. Roth], of counsel), for respondents Zurich American Insurance Co. and HDI Global Insurance Company, Clyde & Co. US LLP, New York, NY (Daren S. McNally, Barbara M. Almeida, and Meghan C. Goodwin of counsel), for respondents Indemnity Insurance Company of North America and Chubb Custom Insurance Company, Dentons US LLP, New York, NY (Sandra D. Hauser, Catharine Luo, and Alyssa Landow of counsel), for respondents Lexington Insurance Company and Western World Insurance Company, Hogan Lovells US LLP, New York, NY (Pieter Van Tol and Daniel Petrokas of counsel), for respondent Metropolitan Property and Casualty Insurance Company, Wood, Smith, Henning & Berman LLP, New York, NY (John T. Cofresi of counsel), for respondent National Fire and Marine Insurance Company, Riker Danzig LLP, New York, NY (Lance J. Kalik of counsel), for respondent Scottsdale Insurance Company, Cozen O'Connor, New York, NY (Farrell J. Miller of counsel), for respondent Sompo American Insurance Company, Hurwitz Fine P.C., Buffalo, NY (Lee S. Siegel and Brian D. Barnas of counsel), for respondent United Specialty Insurance Company, White and Williams LLP, New York, NY (Gregory T. LoCasale and Rafael Vergara of counsel), for respondent United National Insurance Company, Farber Brocks & Zane LLP, Garden City, NY (Audra S. Zane of counsel), for respondent Utica First Insurance Company, and Freeborn & Peters LLP, New York, NY (Sean Thomas Keely and Andrew J. Costigan of counsel), for respondent Westco Insurance Company (one brief filed).

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract and for declaratory relief, all of the plaintiffs, except for the plaintiffs Abruzzo Docg, Inc., G & L Restaurant, LLC, Il Rifugio, Inc., La Vecchia, LLC, Mannaggia, Inc., and Monopolio, LLC, appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 15, 2022. The order, insofar as appealed from, granted those branches of the defendants' respective motions which were pursuant to CPLR 3211(a) to dismiss the first through sixty-third causes of action in the amended complaint insofar as asserted against each of them.

ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' respective motions which were pursuant to CPLR 3211(a) to dismiss the first cause of action in the amended complaint insofar as asserted against each of them, and adding a provision thereto deeming those branches of the respective motions to be for a declaration in favor of the defendants, and thereupon granting those branches of the respective motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.

The plaintiffs commenced this action against the defendants insurers, among other things, to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to provide the plaintiffs with insurance coverage for alleged injuries. The plaintiffs, who owned various restaurants, bars, and dining establishments in New York City, alleged that they had each purchased a commercial "all risk" insurance policy for their respective properties (hereinafter collectively the policies), which provided coverage for "direct physical loss of or damage to" the covered properties. The plaintiffs further alleged that Executive Orders issued by the Governor of New York during the COVID-19 pandemic (hereinafter the Executive Orders) forced the plaintiffs to make physical alterations to their respective properties, which constituted "direct physical loss of or damage to" the properties within the scope of the policies. The plaintiffs alleged that they submitted claims to their respective insurers, which were denied.

Thereafter, the defendants respectively moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. In an order dated March 15, 2022, the Supreme Court, inter alia, granted those branches of the defendants' respective motions which were pursuant to CPLR 3211(a) to dismiss the first through sixty-third causes of action in the amended complaint insofar as asserted against each of them. All of the plaintiffs, except for the plaintiffs Abruzzo Docg, Inc., G & L Restaurant, LLC, Il Rifugio, Inc., La Vecchia, LLC, Mannaggia, Inc., and Monopolio, LLC, appeal.

"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Drive N.J. Ins. Co. v RT Hospitality Grp., LLC, 240 AD3d 105, 109 [internal quotation marks omitted]; see Keller v Keller, 237 AD3d 1183, 1184).

"'[A]s with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court'" (S. Donadic, Inc. v Utica Mut. Ins. Co., 230 AD3d 606, 608, quoting Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321). An insurance contract which covers "'direct physical loss or damage' requires a material alteration or a complete and persistent dispossession of insured property" (Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 41 NY3d 415, 426). Direct physical loss requires more than "impaired functionality" or "loss of use; it requires an actual, complete dispossession" (id. at 428-429; see Carrols Rest. Group, Inc. v American Guar. and Liab. Ins. Co., 225 AD3d 1133, 1134). Similarly, direct physical damage "must be understood to require a material physical alteration to the property—one that is perceptible, even if not visible to the naked eye" (Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 41 NY3d at 428).

Here, the amended complaint, which alleged, among other things, that the plaintiffs were entitled to insurance coverage because the Executive Orders required them to make detrimental physical alterations to their properties, including reconfiguring space to prioritize takeout service, erecting barriers to prevent congregation, rearranging floor plans to reduce crowd density, and repositioning entrances and exits, failed to allege either a material physical alteration or a complete and persistent dispossession of the properties (see Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 41 NY3d at 423, 431-432; Carrols Rest. Group, Inc. v American Guar. and Liab. Ins. Co., 225 AD3d at 1134).

Applying California law, rather than New York law, to the insurance policy between the plaintiff Global Dining, Inc., of California and the defendant Sompo America Insurance Company, as agreed by those parties, the alleged injuries likewise were insufficient to allege physical loss of or damage to the covered property (see Another Planet Entertainment, LLC v Vigilant Ins. Co., 15 Cal 5th 1106, 1141; United Talent Agency v Vigilant Ins. Co., 77 Cal App 5th 821, 833-834).

Accordingly, the Supreme Court properly granted those branches of the defendants' respective motions which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract insofar as asserted against each of them.

"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration. Where a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied" (88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d 772, 773 [citation, alteration, and internal quotation marks omitted]; see Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150). However, "'upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly'" (88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d at 773, quoting Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 947). Here, since no questions of fact were presented by the first cause of action, for declaratory relief, and the defendants demonstrated that the plaintiffs were not entitled to a favorable declaration on the law, the Supreme Court should have deemed those branches of the defendants' respective motions which were to dismiss the first cause of action in the amended complaint insofar as asserted against each of them to be for a declaration in the defendants' favor, and thereupon granted those branches of the respective motions (see Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d at 947).

In light of our determination, we need not reach the parties' remaining contentions.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendants are not obligated to provide the plaintiffs with insurance coverage for the alleged injuries (see Lanza [*3]v Wagner, 11 NY2d 317).

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court